**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
|     DANIEL HAYES, | : | |
| | : | |
|         Debtor. | : | Bky. No. 09-10879ELF |
| | : | |
| DANIEL HAYES, | : | |
| | : | |
|         Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY | : | Adv. No. 09-062 |
| | : | |
|         Defendant. | : | |

# O R D E R

**AND NOW**, the Plaintiff-Debtor ("the Debtor") having filed an adversary complaint ("the Complaint") alleging violations of the federal Truth in Lending Act, 15 U.S.C. §§1601, et seq. ("TILA") and seeking recoupment damages to be applied against the secured claim of Defendant Deutsche Bank National Trust Company ("the Defendant");

**AND**, the Debtor alleging in the Complaint that in connection with the subject consumer credit transaction, the Debtor granted the Defendant a mortgage as that term is defined by 15 U.S.C. §1602(aa)(1)(B) (hereinafter "the HOEPA Mortgage") and was thereby entitled to additional disclosures under 15 U.S.C. §1639(a);[1]

---

[1] The term "HOEPA" refers to the Home Ownership and Equity Protection Act of 1994, Pub.L. 103-325, 108 Stat. 2190 ("HOEPA"). HOEPA amended TILA to require, inter alia, that additional disclosures be made beyond those generally required by TILA in transactions involving certain types of "high cost" mortgages. See In re Ross, 338 B.R. 266, 270 & n.10 (Bankr. E.D. Pa. 2006). One

**AND**, the Defendant having filed a Motion to Dismiss the Complaint pursuant to Fed. R. Bankr. P. 7012, incorporating by reference Fed. R. Civ. P. 12(b)(6) ("the Motion") (Adv. Docket Entry No. 4);

**AND**, the Defendant having attached to the Motion various documents, thereby requesting that the court consider such documents in ruling on the Motion;

**AND**, the court, therefore, considering it appropriate to convert the Motion to one for summary judgment under Fed. R. Bankr. P. 7056 (incorporating Fed. R. Civ. P. 56), see Fed. R. Civ. P. 12(d);

\* \* \*

**AND**, Fed. R. Civ. P. 56(c) providing that summary judgment should be granted when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law;"

**AND**, in considering the evidentiary matter submitted in support and in opposition to a summary judgment motion, it being the court's role not to weigh the evidence, but only to determine whether there is a disputed, material fact for determination at trial. Anderson v. Liberty Lobby, Inc*.,* 477 U.S. 242, 247-50, 106 S.Ct. 2505, 2510-11 (1986), with all reasonable inferences must be drawn in favor of the nonmoving party and against the movant, United States

---

of the two (2) ways that a mortgage qualifies as a HOEPA Mortgage is if the points and fees charged by the lender in the transaction exceed eight percent (8%) of the total loan amount. See 15 U.S.C. §1602(aa)(1)(B).

v. 717 S. Woodward St., 2 F.3d 529, 533 (3d Cir. 1993);

**AND**, the application of these general principles being affected by the allocation of the burden of proof were the matter to go to trial, for example:

a. if the moving party on summary judgment does not bear the burden of proof at trial, as in this proceeding, the movant (here, the Defendant) still has the initial burden of demonstrating the absence of a genuine issue of material fact, but this does not require the movant to support the motion with affidavits or other materials negating the opponent's claim, see, e.g., In re Newman, 304 B.R. 188, 193 (Bankr. E.D. Pa. 2002);

b. if the movant meets this initial burden, the responding party may not rest on his or her pleadings, but must designate specific factual averments through the use of affidavits or other permissible evidentiary material that demonstrate a triable factual dispute. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553 (1986); Anderson, 477 U.S. 242, 247-50, 106 S.Ct. 2505, 2510-11;[2]

\* \* \*

**AND,** Fed. R. Civ. P. 12(d) providing that if the court treats a motion to dismiss as a motion for summary judgment, "the parties must be given a reasonable opportunity to present all the material that is pertinent to the motion;" see Rose v. Bartle, 871 F.2d 331, 340 (3d Cir. 1989);

**AND**, therefore, the court concluding that the parties should be afforded notice of the conversion of the Motion and an opportunity to submit additional material in support of their respective positions for purposes of summary judgment;

---

[2] In opposing the Motion, which was styled as a "motion to dismiss the complaint," the Debtor submitted no evidentiary matter, relying exclusively on the allegations in the Complaint.

-3-

It is hereby **ORDERED** that the parties are granted until **July 7, 2009** to submit additional material consistent with Fed. R. Civ. P. 56(e), (f) in support or in opposition to the Motion

Date:   June 3, 2009

ERIC L. FRANK
U.S. BANKRUPTCY JUDGE