**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
|     DANIEL HAYES, | : | |
| | : | |
|         Debtor. | : | Bky. No. 09-10879ELF |
| | : | |
| DANIEL HAYES, | : | |
| | : | |
|         Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY | : | Adv. No. 09-062 |
| | : | |
|         Defendant. | : | |

# O R D E R

**AND NOW**, the Plaintiff-Debtor ("the Debtor") having filed an adversary complaint ("the Complaint") alleging violations of the federal Truth in Lending Act, 15 U.S.C. §§1601, et seq. ("TILA") and seeking recoupment damages to be applied against the secured claim of Defendant Deutsche Bank National Trust Company ("the Defendant");

**AND**, the Debtor alleging in the Complaint that, in connection with the subject consumer credit transaction, the Debtor granted the Defendant a mortgage as that term is defined by 15 U.S.C. §1602(aa)(1)(B) (hereinafter, when used as defined in the statute, "a HOEPA Mortgage") and was thereby entitled to additional disclosures under 15 U.S.C. §1639(a);[1]

---

[1] The term "HOEPA" refers to the Home Ownership and Equity Protection Act of 1994, Pub.L. 103-325, 108 Stat. 2190 ("HOEPA"). HOEPA amended TILA to require, inter alia, that additional disclosures be made beyond those generally required by TILA in transactions involving certain types of "high cost" mortgages. See In re Ross , 338 B.R. 266, 270 & n.10 (Bankr. E.D. Pa. 2006). One

\* \* \* \*

**AND**, the Defendant having filed a Motion to Dismiss the Complaint pursuant to Fed. R. Bankr. P. 7012, incorporating by reference Fed. R. Civ. P. 12(b)(6) ("the Motion") (Docket Entry No. 4);

**AND**, the Defendant having attached various documents to the Motion and requested that the court consider those documents in ruling on the Motion;[2]

**AND**, the court, therefore, treating the Motion as a motion for summary judgment under Fed. R. Bankr. P. 7056 (incorporating Fed. R. Civ. P. 56), see Fed. R. Civ. P. 12(d);

**AND**, by order dated June 3, 2009, the court having given the parties notice of its intent to treat the Motion as one for summary judgment and provided a July 7, 2009 deadline for the parties to submit additional material in support of their respective positions;

**AND**, on June 29, 2009, the Debtor having filed what he styled as a "motion" under Fed. R. Civ. P. 56(f)[3] requesting time to conduct discovery ("the Debtor's Rule 56(f) Motion")

---

of the two (2) ways that a mortgage qualifies as a HOEPA Mortgage is if the total points and fees charged by the lender in the transaction exceed eight percent (8%) of the total loan amount. See 15 U.S.C. §1602(aa)(1)(B).

[2] The Debtor did not object to the court's consideration of the documents in its response to the Motion.

[3] Fed. R. Civ. P. 56(f) provides:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) deny the motion;
>
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

(Docket Entry No. 20), to which the Defendant filed a response on July 7, 2009 (Docket Entry No. 21);

**AND**, the court treating the Debtor's Rule 56(f) Motion as a supplemental response to the Motion;[4]

\* \* \* \*

**AND**, Fed. R. Civ. P. 56(c) providing that summary judgment should be granted when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law;"

**AND**, the Defendant basing the Motion on its contentions that:

    a. as an assignee of the note and mortgage, it is not liable because no TILA violation was apparent from the face of the disclosure statement, see 15 U.S.C. §1641(a) and (e)(2); and

    b. undisputed facts demonstrate that the total points and fees charged by the lender in the transaction did **not** exceed eight percent (8%) of the total loan amount and therefore, the subject transaction was not a high rate mortgage within the meaning of §1602(aa)(1)(B);[5]

---

    (3) issue any other just order.

[4] My treatment of the Debtor's Rule 56(f) Motion is consistent with the function it serves in the litigation. I also note that, although denoted as a "motion," the Debtor did not comply with the court's motion practice and procedure. See L.B.R. 9014-3.

[5] For purposes of 15 U.S.C. §1602(aa)(1)(B), the term "points and fees" is defined in id. §1602(aa)(4); see also 12 C.F.R. §226.32(b)(1). The term includes various types of prepaid finance charges and all compensation paid to brokers.

**AND**, the court concluding that there may be disputed issues of material fact on the question whether the consumer credit transaction at issue involved a HOEPA Mortgage, see In re Blythe, Adv. No. 08-350, slip op. at 10-13 (Bankr. E.D. Pa. May 6, 2009);[6]

**AND**, if the transaction involved a HOEPA Mortgage, the scope of the Defendant's potential liability being governed by 15 U.S.C. §1641(d), not id. §1641(a);

**AND**, if the transaction involved a HOEPA Mortgage and the disclosures made by the

---

[6] The Debtor's alleges that the total loan amount was $46,350.00. (See Complaint ¶8). Therefore, to prove that the transaction involved a HOEPA Mortgage, the points and fees must have exceeded $3,708.00. The Debtor also contends that various disbursements at settlement, as shown on the loan disbursement sheet, totaled $7,286.25, an amount far in excess of the eight percent (8%) of threshold. While the Defendant admits that certain charges totaling $3,266.25 constitute "points and fees," (Def.'s Br. at 4-5 (unnumbered pages)), that number falls short of the eight percent (8%) threshold. Defendant then argues that, as a matter of law, none of the other disbursements made at disbursement that the Debtor relies upon constitute "points and fees."

At bottom, the dispute regarding the applicability of the HOEPA disclosure requirements boils down to the question whether the disbursements at the loan closing of either $2,000.00 for attorney's fees or $2,000.00 for "Karen Iverson services rendered" constituted "points and fees" under 15 U.S.C. §1602(aa)(1)(B) and §1602(aa)(4). Certainly, there are circumstances in which a disbursement to an attorney or other third party at the closing of a loan can constitute a finance charge (and therefore "points and fees") because it was "imposed directly or indirectly by the creditor as an incident to the extension of credit." See 15 U.S.C. §1605(a); Brodo v. Bankers Trust Co., 847 F.Supp. 353 (E.D. Pa. 1994).

The Defendant contends that, in this transaction, the charges were not imposed directly or indirectly by the original lender as an incident to the extension of credit, thereby bringing the charges outside of the definition"points and fees," see 15 U.S.C. §1602(aa)(4). The Defendant has offered no evidence to support this factual contention. Making the factual statement with great conviction in its supporting brief is not a substitute for evidence regarding the nature of the charges challenged by the Debtor. On the other hand, it is the Debtor's burden on the issue (not the Defendant's) and if the Debtor has no evidence to support the finding that these charges were finance charges, the Defendant would be entitled to summary judgment. See, e.g., In re Newman, 304 B.R. 188, 193 (Bankr. E.D. Pa. 2002).

Pursuant to my June 3, 2009 Order, the Debtor did not come forward with any evidence by the July 7, 2009 deadline. However, the Debtor requested the opportunity to conduct some discovery on this issue that is critical to the merits of his case. (See Debtor's Rule 56(f) Motion, Docket Entry No. 20). In these circumstances, I find it appropriate to grant the Debtor some opportunity develop a factual record in support of his position that the attorney's fees and Iverson charges, although apparently disbursed at settlement with the Debtor's authorization, were nonetheless "points and fees" under 15 U.S.C. §1602(aa)(1)(B). See Fed. R. Civ. P. 56(f).

loan originator failed to comply with TILA, the current record being inadequate to determine whether the Defendant may invoke the "assignee defense" provided by §1641(d);[7]

\* \* \* \*

**AND**, the court concluding that the appropriate course is to ascertain first whether there are any disputed issues of fact on the issue whether the transaction involved a HOEPA Mortgage;

**AND**, the court concluding that the Debtor should be granted some opportunity to conduct discovery on the issue, see n.6, supra;

It is therefore **ORDERED**, pursuant to Fed. R. Civ. P. 56(f), that:

1. The Debtor's Rule 56(f) Motion (Docket Entry No. 20) shall be treated as a supplemental response to the Motion.

2. A ruling on the Motion is **DEFERRED**.

3. The Debtor may conduct discovery on the limited issue of whether the charges disbursed for attorney's fees and to Karen Iverson at settlement of the subject transaction were finance charges.

4. The discovery authorized by Paragraph 3 shall be completed by **September 30, 2009**.

5. On or before **October 14, 2009**, the Debtor may file additional evidentiary matter in opposition to the Motion and, if he wishes, a supplemental memorandum of law in support of

---

[7] The defense requires that the Defendant prove "by a preponderance of the evidence that a reasonable person exercising ordinary due diligence, could not determine, based on the documentation required by this title, the itemization of the amount financed, and other disclosure of disbursements that mortgage was a [HOEPA Mortgage]." 15 U.S.C. §1641(d).

his position.

6. On or before **October 28, 2009**, the Plaintiff may file additional evidentiary matter in support of the Motion and, if it wishes, a supplemental memorandum of law in support of his position.

7. After the summary judgment record closes, the court will determine if further argument on the Motion is necessary.

Date:  July 13, 2009

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**